UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**KIMBERLEE A. FRAREY,**

*Plaintiff,*

-*vs*-

**ANTHONY L. JORDAN HEALTH
CORPORATION,**

*Defendant.*

**ANSWER**

Civil Action No.
18-CV-6216

---

Defendant Anthony L. Jordan Health Corporation ("Jordan Health" or the "Defendant"),
by its attorneys, Barclay Damon LLP, as and for its Answer to the Complaint filed March 14,
2018 (the "Complaint") by Plaintiff Kimberlee A. Frarey ("Plaintiff"), hereby responds as
follows:

## PRELIMINARY STATEMENT

1.      Paragraph 1 of the Complaint sets forth a legal conclusion not calling for an
admission or denial but, to the extent it contains allegations to which a response is required,
Defendant denies such allegations.

2.      Paragraph 2 of the Complaint sets forth a legal conclusion not calling for an
admission or denial but, to the extent it contains allegations to which a response is required,
Defendant denies such allegations.

## JURISDICTION AND VENUE

3.      Paragraph 3 of the Complaint sets forth a legal conclusion not calling for an
admission or denial but, to the extent it contains allegations to which a response is required,
Defendant denies such allegations.

4.      Paragraph 4 of the Complaint sets forth a legal conclusion not calling for an admission or denial but, to the extent it contains allegations to which a response is required, Defendant denies such allegations.

5.      Paragraph 5 of the Complaint sets forth a legal conclusion not calling for an admission or denial but, to the extent it contains allegations to which a response is required, Defendant admits venue for this action is appropriate in this Court.

## **PARTIES**

6.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint.

7.      Admits the allegations contained in Paragraph 7 of the Complaint.

8.      Denies the allegations contained in Paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint sets forth a legal conclusion not calling for an admission or denial but, to the extent it contains allegations to which a response is required, Defendant denies such allegations.

10.     Except for those allegations specifically admitted in this Answer, Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     Admits the allegations contained in Paragraph 11 of the Complaint.

12.     Admits the allegations contained in Paragraph 12 of the Complaint to the extent that Jordan Health is a federally qualified health center ("FQHC") and receives funding from the federal government and the State of New York through various grants, but otherwise denies the allegation to the extent it suggests Jordan Health is exclusively funded by the federal government and the State of New York.

13.     Admits the allegations contained in Paragraph 13 of the Complaint.

- 2 -

15009912.1

14.     Admits the allegations contained in Paragraph 14 of the Complaint to the extent that Janice Harbin ("Harbin") became the interim President/CEO of Jordan Health in November 2012, and the President/CEO of Jordan Health in November 2013, and has served in that role since that time, but otherwise denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Admits the allegations contained in Paragraph 15 of the Complaint only to the extent that Jason Dunn ("Dunn") became the Chief Operating Officer of Jordan Health in or about late 2013 and has served in that role since that time, but otherwise denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.     Admits the allegations contained in Paragraph 16 of the Complaint only to the extent that Shelley Knapp was Jordan Health's Senior Director of Human Resources and Talent Management beginning in August 2014, and has served in that role since that time, but otherwise denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint sets forth a legal conclusion not calling for admission or denial but, to the extent it contains allegations to which a response is required, Defendant admits this Court has personal jurisdiction over Defendant.

## FACTUAL ALLEGATIONS

18.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint, and otherwise denies Plaintiff's characterization of an alleged misappropriation of approximately $10,000 as a "Misappropriation Scheme."

19.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Complaint.

25.     Denies the allegations contained in Paragraph 25 of the Complaint.

26.     Denies the allegations contained in Paragraph 26 of the Complaint.

27.     Denies the allegations contained in Paragraph 27 of the Complaint.

28.     Denies the allegations contained in Paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the Complaint.

30.     Denies the allegations contained in Paragraph 30 of the Complaint.

31.     Admits the allegations contained in Paragraph 31 of the Complaint to the extent it alleges that Ms. Frarey attended the July 28 Board Meeting along with Jonathan Clune ("Clune"), who has been Jordan Health's Chief Financial Officer since in or about 2008, but otherwise denies the remaining allegations contained in Paragraph 31 of the Complaint.

32.     Denies the allegations contained in Paragraph 32 of the Complaint.

33.     Denies the allegations contained in Paragraph 33 of the Complaint.

- 4 -

34.      Admits the allegations contained in Paragraph 34 of the Complaint to the extent it alleges that Clune sent an email containing the word "larceny" to the Board, but otherwise denies the remaining allegations contained in Paragraph 34 of the Complaint.

35.      Denies the allegations contained in Paragraph 35 of the Complaint.

36.      Admits the allegations contained in Paragraph 36 of the Complaint to the extent that it alleges a Special Board Meeting was set for August 6, 2015, but otherwise denies the remaining allegations in Paragraph 36 of the Complaint.

37.      Admits the allegations contained in Paragraph 37 of the Complaint to the extent that it alleges Ms. Frarey reported at the August 6, 2015 Special Board Meeting on a compliance matter involving Dunn and Knapp, but otherwise denies the remaining allegations in Paragraph 37 of the Complaint.

38.      Admits the allegations contained in Paragraph 38 of the Complaint to the extent that it alleges Ms. Frarey recommended discipline of Dunn and Knapp, up to and including termination, and restitution, but otherwise denies the remaining allegations in Paragraph 38 of the Complaint.

39.      Denies the allegations contained in Paragraph 39 of the Complaint.

40.      Denies the allegations contained in Paragraph 40 of the Complaint.

41.      Denies the allegations contained in Paragraph 41 of the Complaint.

42.      Denies the allegations contained in Paragraph 42 of the Complaint.

43.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Complaint.

44.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of the Complaint.

15009912.1

45.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 of the Complaint.

46.     Admits the allegations contained in Paragraph 46 of the Complaint to the extent it alleges Ms. Frarey had communications with Clune and Harbin during the period of August 2015 through November 2015, but otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 46 of the Complaint.

47.     Denies the allegations contained in Paragraph 47 of the Complaint.

48.     Denies the allegations contained in Paragraph 48 of the Complaint.

49.     Denies the allegations contained in Paragraph 49 of the Complaint.

50.     Denies the allegations contained in Paragraph 50 of the Complaint.

51.     Denies the allegations contained in paragraph 51 of the Complaint.

52.     Denies the allegations contained in Paragraph 52 of the Complaint.

53.     Denies the allegations contained in Paragraph 53 of the Complaint.

54.     Denies the allegations contained in Paragraph 54 of the Complaint.

55.     Denies the allegations contained in Paragraph 55 of the Complaint.

56.     Denies the allegations contained in Paragraph 56 of the Complaint.

57.     Denies the allegations contained in Paragraph 57 of the Complaint.

58.     Denies the allegations contained in Paragraph 58 of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 of the Complaint.

15009912.1

60.     Admits the allegations contained in Paragraph 60 of the Complaint to the extent it alleges Ms. Frarey met with Harbin and Clune on November 4, 2015, but otherwise denies the remaining allegations contained in Paragraph 60 of the Complaint.

61.     Denies the allegations contained in Paragraph 61 of the Complaint.

62.     Denies the allegations contained in Paragraph 62 of the Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 63 of the Complaint.

64.     Denies the allegations contained in Paragraph 64 of the Complaint.

65.     Admits the allegations contained in Paragraph 65 of the Complaint to the extent that Ms. Frarey received a final written warning in December 2015, but otherwise denies the remaining allegations in Paragraph 65 of the Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 of the Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67 of the Complaint.

68.     Admits the allegations contained in Paragraph 68 of the Complaint to the extent that the law firm of Littler Mendelson was retained as special investigative counsel, but otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 68 of the Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 69 of the Complaint.

70.     Denies the allegations contained in Paragraph 70 of the Complaint.

71.     Denies the allegations contained in Paragraph 71 of the Complaint.

15009912.1

72.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 72 of the Complaint.

73.     Admits the allegations contained in Paragraph 73 of the Complaint to the extent that Ms. Frarey was placed on paid administrative leave in February 2016, but otherwise denies the remaining allegations in Paragraph 73 of the Complaint.

74.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 74 of the Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 75 of the Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 76 of the Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 77 of the Complaint.

78.     Admits the allegations contained in Paragraph 78 of the Complaint to the extent that Dr. Harbin was apprised of Littler Mendelson's report to the Board, but otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 78 of the Complaint.

79.     Admits the allegations contained in Paragraph 79 of the Complaint to the extent it alleges Ms. Frarey provided a written response on February 22, 2016, containing the quoted language, but denies the remaining allegations contained in Paragraph 79 of the Complaint.

80.     Admits the allegations contained in Paragraph 80 of the Complaint to the extent that Ms. Frarey provided a written statement containing the quoted language, but otherwise denies the remaining allegations contained in Paragraph 80 of the Complaint.

81.     Denies the allegations contained in Paragraph 81 of the Complaint.

82.     Admits the allegations contained in Paragraph 82 of the Complaint to the extent that the Board recommended terminating Plaintiff's employment, but otherwise denies the remaining allegations contained in Paragraph 82 of the Complaint.

83.     Admits the allegations contained in Paragraph 83 of the Complaint.

### FIRST CLAIM – FEDERAL FALSE CLAIMS ACT, 31 U.S.C. § 3730(H)

84.     Paragraph 84 of the Complaint merely repeats the prior allegations, and therefore, no response is required. To the extent a response to Paragraph 84 is required, Defendant incorporates its responses to the repeated allegations, and otherwise denies the allegations.

85.     Paragraph 85 of the Complaint merely describes Plaintiff's claim, and therefore, no response is required. To the extent a response to Paragraph 85 is required, Defendant denies the allegations.

86.     Denies the allegations contained in Paragraph 86 of the Complaint.

87.     Denies the allegations contained in Paragraph 87 of the Complaint.

88.     Denies the allegations contained in Paragraph 88 of the Complaint.

89.     Denies the allegations contained in Paragraph 89 of the Complaint.

90.     Denies the allegations contained in Paragraph 90 of the Complaint.

### SECOND CLAIM – N.Y. FALSE CLAIMS ACT, N.Y. FIN. LAW § 191(1)

91.     Paragraph 91 of the Complaint merely repeats the prior allegations, and therefore, no response is required. To the extent a response to Paragraph 91 is required, Defendant incorporates its responses to the repeated allegations, and otherwise denies the allegations.

92.     Paragraph 92 of the Complaint merely describes Plaintiff's claim, and therefore, no response is required. To the extent a response to Paragraph 92 is required, Defendant denies the allegations.

93.     Denies the allegations contained in Paragraph 93 of the Complaint.

94.     Denies the allegations contained in Paragraph 94 of the Complaint.

95.     Denies the allegations contained in Paragraph 95 of the Complaint.

96.     Denies the allegations contained in Paragraph 96 of the Complaint.

97.     Denies the allegations contained in Paragraph 97 of the Complaint.

### JURY DEMAND

98.     Paragraph 98 of the Complaint is merely a demand for a jury trial, to which no response is required. Defendant demands a trial by jury on all claims in this action.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

99.     Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

100.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

101.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

102.     This Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

15009912.1

103.     Plaintiff cannot recover damages because Plaintiff has failed to plead and cannot establish facts sufficient to support such damages or unlawful conduct on the part of the Defendant which would support the award of such damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

104.     Defendant's actions were based on legitimate, non-discriminatory business reasons, and not unlawful retaliation.

**WHEREFORE**, Defendant requests that Plaintiff's Complaint be dismissed with prejudice, and for such other and further relief as this Court shall deem just, proper, and equitable.

**DATED:**        May 4, 2018

                                        **BARCLAY DAMON LLP**

                                        By:  */s/ Brittany E. Lawrence*
                                               Robert P. Heary
                                               Brittany E. Lawrence

                                               Attorneys for Defendant
                                               *Anthony L. Jordan Health Corporation*

                                               Robert P. Heary
                                               The Avant Building
                                               200 Delaware Avenue
                                               Buffalo, New York 14202
                                               Tel:  (716) 566-1570
                                               Facsimile: (716)-846-1202
                                               E-mail:  rheary@barclaydamon.com

                                               Brittany E. Lawrence
                                               2000 Five Star Bank Plaza
                                               100 Chestnut Street, Suite 2000
                                               Rochester, New York 14604
                                               Tel:  (585) 295-4320
                                               Facsimile: (585) 295-8420
                                               E-mail: blawrence@barclaydamon.com

15009912.1

To:   **ROTHENBERG LAW**
      Michael Rothenberg, Esq.
      David Rothenberg, Esq.
      *Attorneys for Plaintiff Kimberlee A. Frarey*
      45 Exchange Boulevard, Suite 80
      Rochester, New York 14614

15009912.1